**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: | C/A No. 13-07634-JW |
| | Chapter 13 |
| Elanda Cumbee, | **ORDER** |
| Debtor(s). | |

This matter is before the Court on the Motion for Relief from Stay ("Motion") filed by SC Triangle Properties, LLC. Elanda Cumbee ("Debtor") filed an objection to the Motion and a hearing was held. Pursuant to Fed. R. Civ. P. 52, which is made applicable to this contested matter by Fed. R. Bankr. P. 7052 and 9014(c), the Court makes the following findings of fact and conclusions of law:[1]

**FINDINGS OF FACT**

1. Debtor is a resident and former owner of the residence located at 136 Twin Oaks Lane, Columbia, South Carolina ("Property").

2. In 2012, the homeowners' association for the Property, Reflections Owner's Association ("Association"), commenced a judicial lien foreclosure action against Debtor due to Debtor's failure to pay the Association's dues and obtained a judgment of foreclosure and sale on May 28, 2013.

3. A foreclosure sale was held on June 3, 2013, and SC Triangle Properties, LLC ("Movant") was the successful bidder, placing a bid of $101.00.[2] On July 16, 2013, Movant

---

[1] To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such, and to the extent any conclusions of law constitute findings of fact, they are so adopted. The parties filed a Joint Statement of Dispute on June 27, 2014, wherein they consented to the Court entering final orders and judgments in this matter.

[2] Following the foreclosure sale, the Association obtained a deficiency judgment by order entered October 16, 2013 in the amount of $5,543.96.

obtained title to the Property by Master's Deed, which was recorded on July 17, 2013 in the Office of the Register of Deeds for Richland County.

    4.    On October 1, 2013, Movant and Debtor entered into a buyback agreement whereby Debtor agreed to pay $10,000 to Movant to recover the Property by making an initial payment of $500 and thereafter making payments of $250 per month beginning November 1, 2013 ("Buyback Agreement"). Debtor made the initial payment. The Buyback amount was subject to being increased as a result of expenses incurred by Movant from defending litigation relating to the property, curing code or homeowner association violations, insuring the property and maintaining payments of the Association's dues. Upon completion of the payments pursuant to the Buyback Agreement, title to the Property would be transferred by Movant to Debtor by quit claim deed.

    5.    Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code ("Petition") on December 30, 2013. In Schedule A, filed with the Petition, Debtor showed she had a fee simple ownership interest in the Property, and in Schedule D, Debtor listed Movant as the holder of a judicial lien on the Property. However, Debtor also attached to Schedule A a property tax record showing Movant was the owner of the Property. Debtor also filed a Chapter 13 plan with the Petition, which proposed to avoid a judicial lien purportedly held by Movant in the amount of $9,500 pursuant to 11 U.S.C. § 522(f). Despite notice, no objection was filed to the plan by Movant.

    6.    Before the confirmation hearing, on March 12, 2014, Debtor filed an Amended Plan, which modified the treatment of Movant's claim by proposing to value down Movant's purported judicial lien to $759.00 pursuant to 11 U.S.C. § 506. The Amended Plan also

provided that "any executory contract or unexpired lease not specifically mentioned is rejected," but did not list any.

7. An Order Confirming the Amended Plan was entered March 13, 2014, the day after the Amended Plan was filed and without parties having a twenty-eight day period to object.[3]

8. No proof of claim has been filed by Movant and the deadline to file a proof of claim expired on May 6, 2014.

9. On May 27, 2014, Movant filed the Motion seeking relief from the automatic stay for cause pursuant to 11 U.S.C. § 362(d)(1), based on Debtor's failure to make post-petition payments pursuant to the Buyback Agreement, her improper treatment of Movant's debt in the Amended Plan, and her current failure to adhere to the Association's rules. As a basis for its Motion, Movant asserts that it is the sole owner of the Property and its interest in the Property cannot be valued in Debtor's plan. As owner of the Property, Movant argues that it is at risk of being held liable for Debtor's continuing violations of the Association's rules, which include leaving a car on blocks in the driveway, parking a trailer in the driveway, parking cars on the grass, parking cars on the street in a manner which prevents emergency medical services from being able to pass through the street, neglecting the yard, and causing disturbances in the neighborhood. Movant seeks an order terminating the automatic stay to allow it to pursue eviction proceedings.

10. Debtor filed a timely objection to the Motion, asserting, among other things, that the provisions of the confirmed plan are binding on her creditors pursuant to 11 U.S.C. § 1327 and thus Movant cannot now contest its treatment under the confirmed plan.

---

[3] The Amended Plan was confirmed on the recommendation of the Trustee, presumably based upon the Trustee's belief that the Amended Plan did not alter or improved the Movant's treatment.

11. During the hearing, after an indication of ruling by the Court, the parties reported that the Motion was settled in part upon the terms announced on the record (including an agreement to file an amended plan), which will be set forth in a separate settlement order submitted by counsel. At the hearing, the issue regarding the effect of confirmation of the Amended Plan on Movant's interest in the Property was ruled upon and this Order memorializes the Court's ruling.

### CONCLUSIONS OF LAW

In response to the Motion, Debtor asserts that Movant is bound to its treatment under the confirmed plan pursuant to 11 U.S.C. § 1327 and relies chiefly upon United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 277 (2010). Debtor's confirmed plan provides that Movant holds a secured claim of $759.00 and an unsecured claim of $8,741.00, effectively converting its ownership interest to a monetary claim. Movant responds that Debtor's only interest is that of a holder of an executory contract, by virtue of the Buyback Agreement entered into with Debtor on October 1, 2013, which gave Debtor an opportunity to repurchase the Property. Movant asserts that its treatment as a lien holder was thus improper and that the actual effect of the confirmed plan was to reject all executory contracts not assumed, including the Buyback Agreement. Therefore, in determining the Motion, the Court necessarily has to examine the effect of the confirmed plan.

In this case, there is no question that Movant became the owner of the Property pre-petition by purchase at a final foreclosure sale in connection with the foreclosure of the Association's judicial lien and that Movant is not a judgment lien holder. No evidence was offered that Debtor did not have knowledge of the actual nature of Movant's interest when she filed bankruptcy. Therefore, it appears that at the time of the Petition, Debtor's only interest in

the Property sprung from the Buyback Agreement, which is similar in nature to an installment sales contract and therefore should be treated as an executory contract. See In re Kingsmore, 295 B.R. 812, 826 (Bankr. D.S.C. 2002) (finding that installment sales contracts are executory contracts which must be assumed or rejected pursuant to 11 U.S.C. § 365). However, considering Movant's failure to appear after notice of the first plan, the Court is hesitant to provide relief from the stay to Movant now based merely upon the form language regarding rejection of unlisted executory contracts.

At the hearing, Debtor did not provide the Court with a good faith basis to treat Movant as a holder of a judgment lien, and therefore, the Court is convinced that Movant's interest was mistreated and the plan was confirmed in error. See Deutchman v. IRS (In re Deutchman), 192 F.3d 457 (4th Cir. 1999) (holding that in order to "provide for" a creditor for purposes of obtaining title free and clear of that creditor's claim or interest under § 1327(c), "the plan must, at a minimum, clearly and accurately characterize the creditor's claim throughout the plan.") Furthermore, since title to the Property is vested in the Movant, the present provision in the confirmed plan regarding Movant's claim has no practical benefit to Debtor, since the plan does not provide any means for Debtor to obtain title to the Property once she completes the plan payments.[4]

While the Supreme Court's decision in United Student Aid Funds, Inc. v. Espinosa, stands for the proposition that confirmation may bind parties even if claim treatment is improper, it also instructs the bankruptcy court to ensure proper treatment in the confirmation process.[5] 559 U.S. at 277. Espinosa suggests that other remedies exist for improper claim treatment if in

---

[4] The Court also notes that the confirmed plan provides that Debtor is seeing a consensual modification of the residential mortgage with Wells Fargo which may be at issue considering Debtor's lack of title.

[5] Considering the volume of cases and creditors before it, the Court must necessarily rely upon creditor or trustee objections to raise issues of improper treatment and upon the good faith actions by debtors and debtors' Counsel.

the nature of bad faith litigation tactics and misrepresentations by plan proponents. See id.  Other courts have reconsidered confirmation when they were convinced that the debtor's plan was contrary to the law.  See In re Beatty, No. 11-51384, slip op., 2012 WL 3835855, at *1-2 (Bankr. W.D.N.C. Aug. 29, 2012) (reconsidering confirmation order where confirmed plan sought to modify a lien on the debtors' principal residence in direct contradiction of § 1322(b)(2) and motion to reconsider was filed 5 months after confirmation order), noting that, as stated in Espinosa, bankruptcy courts are required to address and correct defects in a debtor's chapter 13 plan); In re White, No. 11-67119, slip op., 2012 WL 909835 (Bankr. N.D.Ga. Feb.14, 2012) (granting mortgage creditor's timely motion to reconsider confirmation order where plan treated mortgage creditor's claim in the section of the plan treating claims secured by personal property, finding the treatment was erroneous and potentially lacked meaningful notice, and noting the bankruptcy court's duty to ensure confirmation requirements are satisfied even in the absence of objections).

Additionally, while not raised by the Movant, the Court observes that Movant was not provided with sufficient notice of the Amended Plan and a meaningful opportunity to object prior to the entry of the order confirming the Amended Plan.  See In re Durham, 260 B.R. 383 (Bankr. D.S.C. 2001) (finding that the pivotal issue the Court must focus on when determining whether a confirmed plan is binding on a creditor is whether the creditor received adequate notice that its rights would be modified by the plan's treatment of its claim).  The Amended Plan was confirmed the day after it was filed based upon the Trustee's recommendation, which was presumably based upon the Trustee's belief that the Amended Plan did not alter or improved Movant's treatment.  However, upon examination by the Court, the Court finds that the Amended Plan provided improper treatment of Movant's claim and the parties should have

6

received the twenty-eight day opportunity to object provided by SC LBR 3015-2 and Exhibit A to SC LBR 3015-2.  Accordingly, the Court finds that Movant did not receive adequate notice of the Amended Plan prior to the entry of the order confirming the Amended Plan.

For the reasons stated above, it appears that confirmation of the Amended Plan could be subject to reconsideration under Fed. R. Civ. P. 60(b)(6) upon proper motion by Movant or that a further hearing should be held to consider whether these facts demonstrated bad faith litigation tactics or misrepresentations by Debtor and/or Debtor's Counsel.  Alternatively, the most expedient and fair resolution of the issues would be further amendment of the plan to properly treat Movant's interest as an executory contract and Debtor's corresponding election to assume or reject it.[6]

Therefore, for the reasons stated, it is hereby

ORDERED that Debtor shall amend the plan within 10 days of the entry of this Order to treat Movant's interest as an executory contract.  The other relief requested in the Motion shall be addressed by a separate settlement order.

**AND IT IS SO ORDERED**.

**FILED BY THE COURT**
**07/14/2014**



*signature: John E. Waites*

US Bankruptcy Judge
District of South Carolina

Entered: 07/14/2014

---

[6] Upon that indication, the parties announced a settlement of the Motion which included an amendment of the plan.